MAXIMINO ZAYAS-VÁZQUEZ and JULIÁN FÉLIX HERNÁNDEZ, Appellants, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 665. Submitted February 24, 1927.—Decided May 18, 1927.

*C. Domingo Rubio* for the appellants. The registrar appeared by brief.

Mr. Justice Franco Soto delivered the opinion of the court.

Carmen Rivera Santiago and Jesús, Juana and Juan Ramón Rolón Santiago recorded in the registry by means of dominion title proceedings a rural property consisting of 42.75 acres of which three acres had been acquired by them by purchase and 39.75 acres by inheritance. It was stated in the proceeding that with the exception of Carmen Rivera the other co-owners were married, but without mentioning the names of the respective spouses. It was explained later that "Juan Ramón" was not a single person, but two different persons named Juan and Ramón, and Ramón sold his interest to Jesús. On June 30, 1919, Juan, Juana, Jesús Rolón and Carmen Rivera sold the whole property to the appellant Maximino Zayas Vázquez and when the deed was presented for record the registrar recorded one undivided fifth thereof corresponding to Carmen Rivera, as well as the shares held by the other heirs in the 39.75 acres, but refused to record the joint interests held by the others in the three remaining acres and, besides, in regard to the fifth interest in the whole 42.75 acres which Jesús bought from Ramón, and the ground for the registrar's decision was that as such undivided interests had been acquired by purchase, the deed of sale

does not show the consent of the spouses of the various vendors.

This decision was accepted and the appellants presented to the District Court of Guayama a complaint praying that the deed of June 30, 1919, be ratified by the following persons: Juan Rolón Santiago and Juan Rolón Marcano, as sole and universal heirs of Isabel Marcano, wife and mother, respectively, of the aforesaid persons; Juana Rolón Santiago, as heir of her husband, Serafín Agosto, who died on April 7, 1919, and Herminia García as the surviving spouse of Jesús Rolón, also deceased.

The defendants acquiesced in the complaint and then by agreement of the parties the trial court, in accordance with section 313 of the Code of Civil Procedure, rendered judgment ordering the said persons, in the capacity in which they had been sued, to ratify the deed of sale of June 30, 1919. On presentation in the registry of the said deed, together with the ratification executed by the marshal on December 2, 1926, the registrar endorsed on one of the documents a decision which in its pertinent part reads as follows:

". . . . The record is refused of the sale of the joint interests of 1/5 each in the 3–acre parcel referred to, on the following grounds: Because it appears from the deed of ratification that this is a case of a judgment by stipulation between the plaintiffs and the defendants which has all the characteristics and peculiarities of a contract, and it has not been shown: 1. That Juan Rolón Santiago and Juan Rolón Marcano are the sole and universal heirs of the alleged wife of the former Isabel Marcano; 2. That likewise it has not been shown that Juana Rolón Santiago is the sole and universal heir of her husband, Serafín Agosto, nor has his estate been recorded to enable a record to be made of its conveyance, in compliance with section 20 of the Mortgage Law, and a cautionary notice has been made instead for the legal term in favor of the purchaser Maximino Zayas Vázquez of the deed of purchase, on the folio and in the volume and record before mentioned, with the curable defect of the failure to show that, at the time the sellers, who were married, acquired by purchase their jointly owned interests in the aforesaid 3 acres of the porperty described which was recorded by means of do-

minion title proceedings, Isabel Marcano was the wife of Juan Rolón Santiago; Serafín Agosto the husband of Juana Rolón Santiago, and Herminia García the wife of Jesús Rolón Santiago.''

An appeal has been taken from that decision.

In the complaint for ratification, among other facts, it is alleged:

''D. That of the aforesaid property there are still unrecorded one-fifth of the 39.75 acres acquired by Jesús Rolón Santiago by purchase from Ramón by the deed mentioned in subdivision A of this brief and four-fifths of the 3–acre parcel acquired by the Rolón Brothers by purchase, the record thereof having been refused because the said deed of sale had been executed before Luis Muñoz Morales without the appearance and consent of Herminia García Montalvo wife of Jesús Rolón Santiago; of Juana who, though it was said that she was married, was indeed a widow, since her husband had died on April 7, 1919, and the sale was carried out on June 30 of the same year, and it is not shown that she appeared in her own behalf and as the heiress of Serafín Agosto; nor of Isabel Marcano who was the wife of Juan Rolón at that time, as the aforesaid 3 acres and the jointly owned one-fifth acquired by Jesús by purchase from Ramón were community property.

''E. That the sale by the heirs of Juan Leocadio Rolón and Vencesla Santiago to Maximino Zayas Vázquez of the property described was understood to include the whole thereof without reservation, there being included therein not only what they had inherited from their parents, but also what they had acquired by purchase, that is to say, the 3 acres already mentioned in the dominion title proceedings and the fifth of the latter property bought by Jesús from Ramón and already referred to in subdivision A of this brief.''

The lengthy argument and citation of authorities by the appellants substantially tend to show that the judgment rendered by the trial court regarding the ratification of the sale, by agreement or consent of the parties, has the same force and effect as if it had been rendered on the merits, and that the registrar should have admitted it without discussing the grounds therefor. The synthesis of the theory of the registrar is that the judgment in this case can not have the scope and effect alleged without showing independently to

the registrar the character or representation of the defendants who are compelled to ratify the acts of persons who are known to be the spouses of the parties from the latter's statements.

It has been stated repeatedly by this court in its jurisprudence that although registrars are not authorized to examine and inquire into the ground of judicial decisions nor weigh the evidence on which they are rendered, they are allowed, however, as an exception, to inquire into the jurisdiction within which they have been rendered. If this is so, the registrar had authority to inquire whether the trial court had jurisdiction to render the judgment by stipulation between the parties and to order Juan and Juana Rolón Santiago to ratify the sale in behalf of their spouses.

It appears from the decision that the refusal of the registrar confines itself only to the two jointly owned shares in the 3 acres conveyed to the appellants by Juan and Juana who were married and had acquired the property by purchase. In both cases the registrar was right. As regards Juan the registrar admits that in his case no previous record was required, because it was of ratification on the part of his wife, Isabel Marcano, who was his wife at the time of the sale and did not appear to give her consent in the first deed of sale. As it was the case of an obligation contracted by the predecessor, Isabel Marcano, and performed by her husband and son ratifying the sale, it seems evident that the previous record usually required by section 20 of the Mortgage Law had not necessarily to be made in the name of the latter as heirs of their predecessor in interest. But this does not mean that it is not indispensable to show the character in which Juan Rolón and his son had been made defendants as the sole and universal heirs of Isabel Marcano. The cases cited by the appellants, *Coy v. Registrar*, 22 P.R.R. 403, and *Ortiz v. Registrar*, 23 P.R.R. 652, uphold the doctrine of the registrar in the sense that it is not necessary to make a record in favor of the heirs who

perform an obligation of the ancestor; but the heirs are in no way exempt from showing their capacity as such heirs. The registry is an institution for the protection of third persons, and the admission of the parties in an action of the ratification of a certain sale, in the form appearing in this appeal, may affect persons who might possibly be interested in the properties sold without having had their day in court. The declaration of heirs in the present case was a necessary step and the registrar was right in requiring that that be shown to him.

As regards Juana Rolón Santiago the question goes further. Not only was it necessary to show her capacity as heir of her husband, Serafín Agosto, but the portion inherited from her husband had to be recorded previously in her name. As alleged in the complaint, Serafín Agosto, the husband of Juana Rolón, died on April 7, 1919, and the deed of sale was executed on June 30, 1919, long after his demise. However, Juana appeared in the deed as married when really she was a widow, and was selling not only the share, as community property, belonging to her in her own right in the jointly owned property, but also the other share, also community property, inherited from her husband as his sole heir. There does not appear from the complaint or from the stipulations of the parties the jurisdictional fact that Juana Rolón was selling in order to perform an obligation contracted by her deceased husband. If this had been done, there would be a repetition of the circumstances of the previous case.

For the foregoing reasons the decision of the registrar of December 20, 1926, is affirmed.